# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

**U.S.A. vs. Guy V. Cizauskas**                     **Docket No. 08-00232-001**

## Petition on Probation

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Guy V. Cizauskas, who was placed on supervision by the Honorable Gary L. Lancaster, sitting in the Court at Pittsburgh, Pennsylvania, on the 16th day of September 2008, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall pay a special assessment of $275, due immediately.
- Shall pay restitution in the amount of $1,404.08, not later than December 15, 2008.
- Shall cooperate in the collection of DNA as directed by the probation officer.
- Shall not possess a firearm, destructive device, or other dangerous weapon.
- Shall not unlawfully possess a controlled substance.
- Shall not incur new credit charges or open additional lines of credit without approval of the probation officer.
- Shall notify the United States Attorney's Office of any change of his address within 30 days while any portion of the restitution remains outstanding.
- Shall pay the remaining balance of restitution through monthly installments of not less than 10 percent of his gross monthly income.
- Shall provide the probation officer with access to any requested financial information.
- Shall submit to urinalysis as directed by the probation officer and shall participate in a substance abuse treatment program, if necessary. The defendant's initial drug test shall occur within 15 days of being placed on probation and he shall undergo at least 2 periodic tests thereafter. Furthermore, the defendant shall be required to contribute to the costs of services for any such treatment, not to exceed an amount determined reasonable by the probation office.

<u>09-16-08</u>:     Theft by Unlawful Taking (Counts 1-3), Theft of Government Property (Counts 4-5); 3 years' probation; Currently supervised by U.S. Probation Officer Eric S. Lawson.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that the client has violated the following conditions of supervision:

**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

**The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.**

**The defendant shall not associate with any persons engaged in criminal activity and shall not associate with anyone convicted of a felony, unless granted to do so by the probation officer.**

The defendant shall not unlawfully possess a controlled substance.

Urine specimens submitted by the probationer on October 1, 2008; October 15, 2008; and November 25, 2008, tested positive for the presence of opiates. In each instance, the probationer conceded that he used heroin.

The probationer was referred for outpatient substance abuse services immediately after being placed on supervision. The probation officer met with the probationer on October 1, 2008, at which time he initially denied having recently used illicit substances. Following a urinalysis, he acknowledged that on Monday, September 29, 2008, he snorted two bags of heroin provided to him by another individual.

On October 15, 2008, the probationer submitted to drug testing at the probation office, which was positive for the presence of opiates. In a conversation with the probation officer on October 16, 2008, he admitted that he used heroin on Sunday, October 12, 2008. The probationer further admitted that he purchased two bags of heroin from another individual in the Carrick section of Pittsburgh, Pennsylvania, for a price of $15.

The probationer was referred to inpatient substance abuse treatment, which occurred from October 22, 2008, until he was released from the program on November 21, 2008. He resumed outpatient treatment services on November 22, 2008.

The probationer reported to the probation office on November 25, 2008, at which time he denied using any illicit substances, and he submitted to drug testing. On November 26, 2008, the probationer notified the probation officer that he used heroin on Sunday, November 23, 2008. He initially reported having used trace amounts of the drug on empty glassine packets found in his bedroom. Later, when confronted in the probation office on November 28, 2008, the probationer acknowledged that he paid $11 to an individual in the Carrick section of Pittsburgh, in exchange for two bags of heroin.

PRAYING THAT THE COURT WILL ORDER that the probationer appear in Federal Court, Courtroom No. __3A__, __3RD__ Floor, U.S. Post Office and Courthouse, Pittsburgh, Pennsylvania, with legal counsel on __FRIDAY, DECEMBER 12, 2008__, at __1:30 PM__, to show cause why supervision should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ December 2, 2008

**ORDER OF COURT**

Considered and ordered this __4__ day of __Dec__, 20 __08__ and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge

Eric S. Lawson
U.S. Probation Officer

Roselyn Gerson
Supervising U.S. Probation Officer

Place: _____ Pittsburgh, Pennsylvania